J-S17011-26

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| NATHANIEL JACKSON | : | |
| | : | |
| Appellant | : | No. 1512 EDA 2025 |

Appeal from the PCRA Order Entered June 13, 2025
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-1300127-2006

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| NATHANIEL JACKSON | : | |
| | : | |
| Appellant | : | No. 1513 EDA 2025 |

Appeal from the PCRA Order Entered June 13, 2025
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-1300175-2006

BEFORE:   PANELLA, P.J.E., STABILE, J., and FORD ELLIOTT, P.J.E.[*]

MEMORANDUM BY PANELLA, P.J.E.:                **FILED JULY 16, 2026**

Nathaniel Jackson appeals from the order entered in the Court of Common Pleas of Philadelphia County denying his Post Conviction Relief Act[1] petition. After careful consideration, we affirm.

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 42 Pa.C.S.A. §§ 9541-9546.

A prior panel of this Court set forth the factual and procedural history of

Jackson's convictions and direct appeal as follows:

> On the evening of December 5, 2005[ in Philadelphia], decedent Keenan Carey [("Victim")] approached [Jackson] and co-defendant Ronald Parker [] and asked if anyone was selling marijuana. [Jackson] and Parker conferred and agreed to rob [Victim] by luring him down an alley behind the block of Cedar Avenue under the pretense of having marijuana to sell. [Jackson] and [Parker] convinced [Victim] to follow [Jackson] into the alley where [Jackson] pulled out a sawed[-]off shotgun. [Jackson] then ordered [Victim] to empty his pockets and remove his coat. When [Victim] removed his coat, [Jackson] killed him with a gunshot to the chest. [Jackson] took [Victim's] jacket and fled to [his] residence [on] Forrest Avenue. The police recovered [Victim's] jacket and a jacket belonging to [Jackson] at [Jackson's] residence. Police also learned that [Jackson] had fired a shotgun into a residence earlier on the day of the incident and that [Jackson] had admitted to acquaintances that he shot and killed [Victim]. [Jackson] was in possession of a firearm when he was arrested.
>
> [Following his arrest, Jackson] was tried together with [Parker] before the trial court and a jury on October 2–7, 2007, and was convicted of first-degree murder, robbery, criminal conspiracy, possessing instruments of crime ("PIC") and violation of the Uniform Firearms Acts ("VUFA").[2] On December 18, 2007, the trial court sentenced [Jackson] to life imprisonment on the first degree murder conviction, a consecutive [sentence of] seven to twenty years for the robbery conviction, and concurrent sentences of three months to five years for the PIC conviction, ten to twenty years for criminal conspiracy, and two to four years for the VUFA conviction.
>
> [Jackson] then filed a direct appeal to the Superior Court, which affirmed the judgment of sentence on July 20, 2009. The Supreme Court denied [Jackson's] petition for allowance of appeal on December 31, 2009.

_____

2 18 Pa.C.S.A. §§ 2502(a), 3701(a)(1)(i), 903, 907(a), and 6106(a)(1), respectively.

***Commonwealth v. Jackson***, 2013 WL 11261993 at *1 (Pa. Super. filed June 6, 2013) (unpublished memorandum) (formatting altered; brackets and citations omitted).

Jackson filed two unsuccessful PCRA petitions before filing a subsequent petition on March 14, 2022, based upon his discovery of a clemency petition filed by Parker.[3] On April 29, 2024, Jackson filed a motion for leave to amend his PCRA petition to add a claim concerning a newly discovered eyewitness, Giovanni Torres. Jackson supported his claim with a sworn affidavit in which Torres stated that at approximately 8:00 p.m. on December 5, 2005, he witnessed Parker shoot Victim with a shotgun.

On August 21, 2024, the Honorable Scott DiClaudio presided over an evidentiary hearing on Jackson's newly discovered fact claim concerning Torres. At the hearing, Torres testified that, prior to December 5, 2005, he knew and had prior interactions with Parker because he had purchased marijuana from Parker on many occasions. ***See*** N.T. PCRA Hearing, 8/21/24, at 14-15. Torres further indicated that, on the evening of Victim's murder, Torres was at the home of his friend, Abraham Williams, located on Forest Avenue in Philadelphia. ***See id.*** at 15. Torres further testified that as he was smoking a cigarette out of a second-floor window, he observed Parker shoot someone with a shotgun. ***See id.*** at 16-17. Jackson testified that he did not

_____

[3] Jackson's newly discovered fact claim concerning Parker's clemency petition is not at issue in this appeal.

know Torres prior to meeting him at SCI Coal Township in 2023. *See id.* at 40.

The PCRA court took the matter under advisement and held an additional hearing on May 14, 2025. At the conclusion of the hearing, the court denied Jackson's petition because it lacked "the requisite confidence in the credibility of [] Torres" and found his testimony "very inconsistent and illogical." N.T. PCRA Hearing, 5/14/25, at 20-21.[4] On June 13, 2025, the PCRA court entered an order dismissing Jackson's petition. Jackson timely filed a notice of appeal. The PCRA court did not order Jackson to file a concise statement of matters complained or on appeal, pursuant to Pa.R.A.P. 1925(b), and did not issue an opinion pursuant to Pa.R.A.P. 1925(a).[5]

On appeal, Jackson presents the following questions for our review:

I.      Did the PCRA court err [in] violating [Jackson's] state and federal constitutional rights, [by] finding that [Jackson's] new evidence claim which was based on the testimony of Giovanni Torres did not warrant relief?

II.     Must the appeal be remanded for re-hearing in that the PCRA [court] did not issue findings of fact and conclusions of law or an opinion?

_____

[4] Notably, in rendering its decision, the PCRA court did not address the timeliness of Jackson's petition or make a specific determination as to whether Jackson had sufficiently invoked the newly discovered fact exception.

[5] On November 6, 2025, the Court of Judicial Discipline entered an order suspending Judge DiClaudio, effective immediately. *See In Re: Judge Scott DiClaudio*, 1 JD 2025 and 2 JD 2025.

Appellant's Brief, at 6 (formatting altered; unnecessary capitalization and suggested answers omitted). Because Jackson's issues are interrelated, we address them in tandem.

"On appeal from the denial or grant of relief under the PCRA, our review is limited to determining whether the PCRA court's ruling is supported by the record and free of legal error." **Commonwealth v. Hereford**, 334 A.3d 903, 907 (Pa. Super. 2025) (*en banc*) (internal quotation marks and citation omitted). "While we grant great deference to the PCRA court's findings of fact, if supported by the record, we review the court's legal conclusions *de novo*." **Commonwealth v. Williams**, 347 A.3d 728, 732 (Pa. Super. 2025) (citations omitted). "We view the findings of the PCRA court and the evidence of record in a light most favorable to the prevailing party." **Id.** (citation omitted). Furthermore, "[t]his Court may affirm a PCRA court's order on any legal basis." **Commonwealth v. Pridgen**, 305 A.3d 97, 101 (Pa. Super. 2023) (brackets and citation omitted).

Before considering the merits of Jackson's claim, we must first consider the timeliness of his PCRA petition. The PCRA requires a petitioner to file his petition "within one year of the date the judgment becomes final[.]" 42 Pa.C.S.A. § 9545(b)(1). Nevertheless, Pennsylvania courts may consider the merits of a facially untimely PCRA petition if "the petition alleges and the petitioner proves" one of three statutorily enumerated exceptions to the jurisdictional time-bar:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1)(i)-(iii). Moreover, a PCRA petition invoking a timeliness exception "shall be filed within one year of the date the claim could have been presented." 42 Pa.C.S.A. § 9545(b)(2).

The PCRA timeliness requirements are jurisdictional in nature. Accordingly, if a petition is untimely, and none of the timeliness exceptions are met, courts do not have jurisdiction to address the substance of the underlying claims. It is the petitioner's burden to allege and prove that one of the timeliness exceptions applies. Whether a petitioner has carried his burden is a threshold inquiry that must be resolved prior to considering the merits of any claim. In the PCRA context, statutory jurisdiction cannot be conferred by silence, agreement or neglect.

*Commonwealth v. Mickeals*, 335 A.3d 13, 20 (Pa. Super. 2025) (citations, quotation marks, and brackets omitted).

Jackson does not dispute that his PCRA petition is facially untimely and instead purports to invoke the newly discovered fact exception to the PCRA's one-year jurisdictional time bar, as set forth in section 9545(b)(1)(ii). *See* Appellant's Brief, at 10-19. To successfully invoke the newly discovered fact exception, "a petitioner must establish that: (1) the facts upon which the claim

is predicated were unknown, and (2) the facts could not have been ascertained by the exercise of due diligence." *Hereford*, 334 A.3d at 908 (citing 42 Pa.C.S.A. § 9545(b)(1)(ii)) (internal quotation marks and brackets omitted). "[A] determination that the facts were unknown to the petitioner is circumstance-dependent and requires an analysis of the petitioner's knowledge." *Commonwealth v. Branthafer*, 315 A.3d 113, 128 (Pa. Super. 2024) (citation omitted). Moreover, "[t]he facts must be newly-discovered not merely newly-discovered or newly-willing sources that corroborate previously known facts or previously raised claims." *Mickeals*, 335 A.3d at 21 (internal quotation marks and citation omitted).

"The newly-discovered fact exception does not require any merits analysis of the underlying claim, and application of the time-bar exception therefore does not necessitate proof of the elements of a claim of after-discovered evidence." *Commonwealth v. Williams*, 324 A.3d 569, 576 (Pa. Super. 2024) (internal quotation marks and citation omitted); *see Commonwealth v. Franklin*, 346 A.3d 812, 820-21 (Pa. Super. 2025) ("Satisfaction of the newly-discovered fact exception is merely a prerequisite to a successful substantive PCRA claim, not a basis for relief in and of itself."). In fact, only "[o]nce a petitioner establishes the PCRA court's jurisdiction, [may] the petitioner [] then present a substantive after-discovered evidence

claim under 42 Pa.C.S.A. § 9543(a)(2)(vi)." **Hereford**, 334 A.3d at 908-09 (citation omitted).[6]

Here, our review of the PCRA hearing transcripts reveals that the court explicitly acknowledged its decision to forego a determination as to the timeliness of Jackson's petition and instead chose to dismiss it based on the veracity of Torres's testimony "because credibility can't be appealed." N.T. PCRA Hearing, 5/14/25, at 7-8. While we are constrained to find this was error, it is not dispositive because, as stated above, we may affirm the PCRA court's decision on any basis. **See Pridgen**, 305 A.3d at 101. Accordingly, we turn to a review of whether Jackson pleaded and proved the newly discovered fact exception.

Jackson contends that he sufficiently invoked the newly discovered fact exception where he "only learned that [] Torres was a witness after they met each other during a period of time that they were both incarcerated at SCI Coal Township" and he thereafter "retained a private investigator to take [Torres's] statement." Appellant's Brief, at 12. Jackson further avers that "the record is not complete enough for this Court to conduct appellate review

---

[6] "To obtain relief based on after-discovered evidence, an appellant must show that the evidence: (1) could not have been obtained prior to the conclusion of the trial by the exercise of reasonable diligence; (2) is not merely corroborative or cumulative; (3) will not be used solely to impeach the credibility of a witness; and (4) would likely result in a different verdict if a new trial were granted." **Commonwealth v. Baynard**, 355 A.3d 21, 26-27 (Pa. Super. 2026) (formatting altered; citation omitted).

[because] resolution of the claim is directly dependent on [the] credibility determinations of both Torres and [Jackson]." *Id.* at 21.

In response, the Commonwealth contends that the PCRA court properly dismissed Jackson's petition where Jackson "did not meet his burden to prove that he filed his petition within [] one year to invoke the timeliness exception." Appellee's Brief, at 9. Specifically, the Commonwealth avers that Torres indicated he informed Jackson "about what he had seen and expressed a willingness to testify sometime in 2023[,]" yet Jackson "did not supplement his PCRA petition to include Torres'[s] affidavit until April 29, 2024." *Id.* Therefore, the timeliness of the petition is certainly an issue.

Even giving Jackson the benefit of the doubt and assuming his petition was timely filed, we conclude the PCRA court's dismissal of Jackson's petition was proper because Jackson failed to establish that the fact upon which his claim is predicated was previously unknown and not merely a newly discovered source willing to corroborate a previously known fact. *See* 42 Pa.C.S.A. § 9545(b)(1)(ii); *Mickeals*, 335 A.3d at 21. Here, the purported newly discovered fact at issue is that Parker, not Jackson, shot Victim. Jackson, who has consistently maintained that Parker was the shooter, unquestionably would have known this fact dating as far back as December 5, 2005, when the shooting occurred. Torres's newly discovered willingness to corroborate this previously known fact does not render it newly discovered. *See Mickeals*, 335 A.3d at 21. Thus, even assuming *arguendo* that Jackson

filed his petition within one year of the date that his claim could have been presented, *see* 42 Pa.C.S.A. § 9545(b)(2), he fails to invoke the newly discovered fact exception.

Because Jackson fails to meet his burden of establishing the applicability of a timeliness exception, both this Court and the PCRA court are without jurisdiction to review the merits of his claim. ***See Mickeals***, 335 A.3d at 20. Accordingly, we affirm the PCRA court's order, albeit on alternative grounds. ***See Pridgen***, 305 A.3d at 101.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 7/16/2026